UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| DANNY W. COULTER and | : | |
| HELEN E. COULTER, | : | |
| | : | |
| Debtors | : | Case No. 09-50458 RFH |
| | : | |
| JOY R. WEBSTER, TRUSTEE | : | |
| | : | |
| Movant | : | |
| | : | |
| vs | : | |
| | : | |
| DANNY W. COULTER and | : | |
| HELEN E. COULTER, | : | |
| | : | |
| Respondents | : | |

BEFORE

ROBERT F. HERSHNER, JR.
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| Danny W. Coulter and<br>Helen E. Coulter | Pro Se<br>P.O. Box 791<br>Sandersville, GA 31082 |
| Chapter 7 Trustee | Robert M. Matson<br>P.O. Box 1098<br>Macon, GA 31202 |

## MEMORANDUM OPINION

Danny W. Coulter and Helen E. Coulter, ("the Coulters"), filed with the Court on July 21, 2009, an Amended Schedule C - Property Claimed As Exempt. Joy R. Webster, Trustee, filed an objection to the claimed exemptions on August 19, 2009. Trustee's objection came on for a hearing on January 11, 2010. The Court, having considered the evidence presented and the arguments of the parties, now publishes this memorandum opinion.

Danny Coulter suffered a job-related injury on January 27, 2007. In late 2007, he received a workers' compensation award of $140,000.[1] Danny Coulter testified that he used some $90,000 of his award to purchase a truck for his son, to repay his mother-in-law, and to pay his wife's obligations to a credit union.

Helen Coulter was injured in a automobile accident on March 22, 2007.[2] Allen Smith and David Bell, attorneys at law, represent Helen Coulter in the personal injury action. Helen Coulter and David Bell signed a contingent fee agreement on July 21, 2003[3]. The evidence does not show whether Helen Coulter's personal injury action has been resolved.

---

[1] The total award was $195,000. Danny Coulter received, after attorney's fees and other expenses, a net award $140,000.

[2] Exhibit T - 1.

[3] The contingent fee agreement was signed after the Coulters filed bankruptcy. Trustee has employed David Bell to continue to prosecute this personal injury action.

Danny Coulter was injured on January 27, 2008,[4] when he was struck by a "four wheeler" driven by a teenager. Allen Smith represents Danny Coulter in the personal injury action. Danny Coulter and Allen Smith signed a contingent fee agreement dated April 16, 2008.[5] Danny Coulter testified that his attorney, Allen Smith, later stated that the teenager's family did not have homeowner's insurance and that "we couldn't get anything."

The Coulters filed on February 12, 2009, a joint petition under Chapter 7 of the Bankruptcy Code. The Coulters were represented by a local bankruptcy attorney. The Coulters listed on Schedule B - Personal Property a personal injury action[6] and a workers' compensation claim. The Coulters' Schedule C - Property Claimed As Exempt shows:

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Personal Injury Suit c/o Allen Smith 110 S. Harris St. Sandersville, GA 31082 | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |

---

[4] Exhibit T - 4.

[5] Exhibit T-3. After the Cutlers filed bankruptcy, Trustee employed Allen Smith to continue to prosecute this personal injury action which has been resolved. Allen Smith has been compensated for his services.

[6] The Coulters each had a pending personal injury action when they filed bankruptcy. There is only one entry for a personal injury action on Schedule B.

3

| Worker's Compensation Claim Robert R. Pagniello Attorney at Law 2088 E. Main St. Snellville, GA 30078 | Ga Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
|---|---|---|---|

Neither of the Coulters' personal injury actions were listed on their Statement of Financial Affairs, question 4, which requires, in part, that a debtor list all pending or recent lawsuits. The Coulters listed three other lawsuits to which they were parties.

Trustee conducted the § 341 meeting of creditors[7] on March 25, 2009. At the § 341 meeting Trustee asked the Coulters "And do you have any claims pending for personal injury or any other type claim pending against another party?" Helen Coulter testified that she had listed on the bankruptcy schedules a personal injury action, that Allen Smith was representing her, and that David Bell was helping Allen Smith. Helen Coulter testified that on Schedule C the exemption amount was listed as zero because the Coulters were not aware of what the demand was in the personal injury action.

A creditor in attendance at the § 341 meeting asked "And at one time he [Danny Coulter] had said, whether it was true or not, that he had a claim also. Has that already had been settled, or are those . . .[?]" Another creditor then stated "Mr. [Danny] Coulter was involved in an accident in a trucking company." Helen Coulter testified that this claim was resolved in November 2007 for $90,000 and that

---

[7] 11 U.S.C.A. § 341 (West 2004).

"all the money and assets are gone." Helen Coulter was referring to her husband's workers' compensation claim.

The Coulters, at the § 341 meeting, did not disclose Danny Coulter's pending personal injury action. At the hearing before this Court on January 11, 2010, the Coulters testified that they knew about the personal injury action when they filed bankruptcy.

On April 23, 2009, Trustee filed an objection to the Coulters' claim of exemptions to the extent that the Coulters sought to exempt more than $10,000 from Helen Coulter's personal injury action.[8]

On May 7, 2009, the Coulters filed an amended claim of exemptions which states in part:

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Personal Injury Suit c/o Allen Smith 110 S. Harris St. Sandersville, GA 31082 | Ga. Code Ann. § 44-13-100(a)(11)(D) | 10,000.00 | 0.00 |

On May 28, 2009, Trustee withdrew her objection to the claimed exemption.

Allen Smith negotiated a settlement of Danny Coulter's personal injury action under the uninsured motorist provisions of his automobile insurance policy with GEICO. GEICO issued a check dated May 12, 2009, for $25,000 payable jointly to

---

[8] The maximum exemption for a personal injury claim is $10,000. O.C.G.A. § 44-13-100(a)(11)(D) (2002).

5

the Coulters and Allen Smith. Danny Coulter testified that Allen Smith settled the personal injury action without telling him. Danny Coulter testified that there had been no discussions about "going after" his insurance carrier, GEICO.

Trustee testified that she first learned of Danny Coulter's personal injury action on June 2, 2009. Trustee called Allen Smith to inquire about Helen Coulter's personal injury action. Allen Smith told Trustee that Danny Coulter also had a personal injury action that had just settled for $25,000. The Coulters testified that they first learned of the settlement when they were contacted by Trustee.

On June 3, 2009, the Coulters filed a motion to voluntarily dismiss their bankruptcy case. The Court, after a hearing, entered an order on June 23, 2009, denying the motion to dismiss. Trustee contends that the Coulters attempted to dismiss their case because Trustee discovered that the Coulters had concealed a valuable asset, Danny Coulter's personal injury action.

The Coulters filed on July 21, 2009, a second amended claim of exemptions that states in part:

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Personal Injury Suit c/o Allen Smith 110 S. Harris St. Sandersville, GA 31082 | Ga. Code Ann. § 44-13-100(a)(11)(D) | 10,000.00 | 25,000.00 |

The Court, on July 21, 2009, entered an order allowing the Coulters'

bankruptcy attorney to withdraw as their attorney of record.

Trustee filed on August 19, 2009, an objection to the amended claim of exemptions.[9] Trustee contends that the Coulters acted in bad faith because they concealed Danny Coulter's personal injury action. Trustee contends that the Coulters should not be allowed to claim an exemption in the concealed personal injury action.

Trustee has the burden of proving that the exemption is not properly claimed. Fed. R. Bank. P. 4003(c).

When a debtor files bankruptcy, an estate is created. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1)(West 2004). Property of the estate includes property that the debtor may be entitled to claim as exempt, including causes of action existing when the bankruptcy case was filed. The estate includes causes of action which the debtor fails to disclose in his bankruptcy schedules. In re Williams, 197 B.R. 398, 402 (Bankr. M.D. Ga. 1996).

"[C]oncealment of an asset will bar exemption of that asset." Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 (11th Cir. 1982).

A debtor has an obligation to disclosure all his assets, including assets that he

---

[9] The hearing on Trustee's objection to the second amended claim of exemptions was continued on two occasions to allow the Coulters an opportunity to find an attorney. On October 28, 2009, the Court announced that the next hearing would go forward whether or not the Coulters had an attorney. The Coulters were unable to find an attorney to represent them.

believes are worthless. Creditors are entitled to judge for themselves what will benefit them. Chalik v. Moorefield (In re Chalik), 748 F.2d 616, 618 (11th Cir. 1984).

"The veracity of the bankrupt's statements is essential to the successful administration of the Bankruptcy [Code]." Id.

"Because a debtor is unlikely to testify directly that his intent was fraudulent, the courts may deduce fraudulent intent from all the facts and circumstances of a case." Devers v. Bank of Sheridan, Montana (In re Devers), 759 F.2d 751, 754 (9th Cir. 1985).

When the Coulters filed bankruptcy, they each had a pending personal injury action. There is only one entry for "personal injury suit" on the schedule of personal property and the schedule of property claimed as exempt. Helen Coulter testified before this Court on January 11, 2010, that "All the cases were listed under one, Allen Smith was handling everything, they were all listed as zero because when we filed [bankruptcy] they were not worth anything." At the § 341 meeting Helen Coulter testified that the listed personal injury action was hers. The Coulters did not disclose Danny Coulter's personal injury action at the § 341 meeting. Trustee suggested at the § 341 meeting that the Coulters consider claiming the maximum exemption on Helen Coulter's personal injury suit. The Coulters amended their exemption to claim the maximum amount allowed of $10,000. The Court is

8

persuaded that the "personal injury suit" on the bankruptcy schedules and the schedule of property claimed as exempt refers solely to Helen Coulter's personal injury action.

At the § 341 meeting, Helen Coulter testified that Danny Coulter had received a workers' compensation award of $90,000. The settlement statement from his workers' compensation attorney shows that he received a net award of $140,000. Trustee contends that this substantial understatement shows that the Coulters are not credible witnesses.

The Coulters' bankruptcy petition, page 3, shows that Helen Coulter filed a bankruptcy case in 1995 and that the Coulters filed in 1997 a joint Chapter 13 case that was converted to a Chapter 7 case. The current bankruptcy case is the third case for Helen Coulter and the second case for Danny Coulter. The Court is persuaded that the Coulters are knowledgeable about the bankruptcy process and understood that they were required to disclose Danny Coulter's personal injury action.

The Coulters attempted to dismiss their bankruptcy case after Trustee learned of Danny Coulter's personal injury action. The Court is persuaded that the dismissal was an attempt by the Coulters to keep for themselves the proceeds from Danny Coulter's personal injury action.

The Court is persuaded that the Coulters intentionally and fraudulently attempted to conceal Danny Coulter's personal injury action and that they must be

barred from claiming an exemption in it. The Court is persuaded that Trustee's objection to the claimed exemption must be sustained.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 25th day of February 2010.

/s/ Robert F. Hershner, Jr.
_____
ROBERT F. HERSHNER, JR.
United States Bankruptcy Judge